UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAYMOND J. BERGERON DAVILA,

                        Plaintiff,

v.                                                       Case No. 25-cv-413-pp

SARAH A. BOYEA, *et al.*,

                        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Raymond J. Bergeron Davila, who was previously incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

### I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On May 28, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $5. Dkt. No. 13. The court received that fee on June 16, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff alleges that on November 15, 2024, he was at Green Bay Correctional Institution housed in the restrictive housing unit (RHU) on "(OBS) status suicide watch[.]" Dkt. No. 1 at ¶8. The plaintiff alleges that at about 10:00 p.m., he busted the metal frame that holds the cell room light to the wall and broke a steel metal plate off the wall. Id. at ¶9. He allegedly pulled metal cable cord from the open wall, removed the plastic casing and sharpened about one foot of cable cord. Id. The plaintiff states that he stuck the cable cord "into his arm at various angles, at various depths, into skin, tissue, muscle, tendons, ligaments and v[ei]ns, to the point that [his] arm could no longer bend." Id.

The plaintiff alleges that defendants Kendra Race, Captain Van Lanen and Doe Officers[1] saw that he needed medical treatment, so they removed him

---

[1] The plaintiff refers to these Doe officers as "Does 5-10", dkt. no. 1 at ¶4, and "Doe officers 10-15", dkt. no. 1 at ¶10, and in a number of other places in the body of the complaint. The plaintiff did not list Doe officers 10-15 in the

from his cell and escorted him to the RHU medical office. Id. at ¶10. the plaintiff says that during the escort, the way that defendants Race, Van Lanen and Doe officers 2-5 handcuffed the plaintiff behind his back allegedly harmed him because it forced him to bend and extend his injured arm. Id. at ¶¶4, 10.

The plaintiff states that once in the medical office, defendant Nurse Carmen VandenBush looked at his arm and told him to remove the metal himself because it was out of her scope of practice to remove it. Id. at ¶11. Because of VandenBush's alleged refusal to treat the plaintiff, he "was left with the thick metal cable cord inside of his arm for like 11 hours in extreme pain and suffering[.]" Id. at ¶12. The plaintiff states that VandenBush had "medical authority to either send the plaintiff to the hospital and/or place a phone call to the on-call medical doctor, to defendants A.C.P. Doe 1-2[.]" Id. at ¶13. VandenBush and defendants ACP Does 1-2 allegedly knew about the plaintiff's injury and that it needed to be treated but denied him medical care. Id.

The plaintiff alleges that beginning around 10:15 p.m. on November 15, 2024, defendants Captain Van Lanen and Does 5-10 escorted the plaintiff to the "restraint bed room" where he was placed into bed restraints. Id. at ¶15. Defendants Warden Stevens, Captain Van Lanen, Captain Schultz and psychologist Sarah Boyea allegedly authorized the plaintiff's placement in the restraint bed. Id. These defendants allegedly knew of the plaintiff's injuries and that the restraint bed pulled on the metal in his arm, causing great pain. Id. They also allegedly knew that there were other restraint options, such as a restraint chair. Id. The plaintiff states that he endured about eleven hours of extreme pain. Id. at ¶16.

---

caption of the complaint, so the court construes the claims as against Does 5-10.

4

On November 16, 2024, defendant Lieutenant Howath and a non-defendant sergeant allegedly entered the room where the plaintiff was in the restraint bed. Id. at ¶17. The plaintiff states that Howath told the plaintiff that the "higher ups" and Warden Stevens said that Howath should cut the metal out of the plaintiff's arm or extend the plaintiff's time in bed restraints. Id. The plaintiff alleges that, based on Howath's threat to extend his time in bed restraints if he did not let Howath remove the metal, he "unwillingly let his arm lay still so Lt. Howath can use medical scissors, tweezers and saline on his arm to get the metal out[.]" Id. at ¶18. Howath's actions allegedly assaulted and harmed the plaintiff's injury and were extremely painful. Id. The plaintiff alleges that after Howath removed the metal from his arm, he received glue for the puncture holes and extraction sites and a large dressing for the injury. Id. at ¶19.

The plaintiff advances several claims for relief. First, he claims that Nurse VandenBush's refusal to treat his injury or send him to the hospital violated his rights under the Eighth Amendment. Id. at ¶20. Second, he claims that Van Lanen placing him into the restraint bed and leaving him there for hours with his injury violated the Eighth Amendment. Id. at ¶21. Third, he claims that Van Lanen, Boyea, Stevens and Schultz's authorization of his placement in the restraint bed violated the Eighth Amendment. Id. at ¶22. Fourth, he claims that Boyea, Stevens and Schultz ordered Howath to cut the metal out of his arm in violation of his rights under the Eighth Amendment. Id. at ¶23. Fifth, he claims that Howath cutting the metal from his arm violated the Eighth Amendment. Id. at ¶24. And sixth, he claims that Van Lanen, Race and Does 5-10 violated his constitutional rights when they handcuffed him behind his back to escort him to the RHU medical office. Id. at ¶¶25-26.

5

For relief, the plaintiff seeks compensatory and punitive damages. Id. at ¶¶28-43.

C.   Analysis

To state an Eighth Amendment claim for the denial of medical care, an incarcerated individual's complaint must allege both an objectively serious medical condition and an official's deliberate indifference to that condition. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011). A medical condition is sufficiently serious if the failure to treat the condition could result in the unnecessary and wanton infliction of pain, and either the condition has been diagnosed by a physician as mandating treatment or the need for treatment would be obvious to a layperson. See Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011); Gutierrez v. Peters, 111 F.3d 1364, 1373-74 (7th Cir. 1997). A plaintiff can prove deliberate indifference by showing that a prison official knows of and disregards a substantial risk to an incarcerated individual. See Arnett, 658 F.3d at 751.

The plaintiff may proceed on an Eighth Amendment medical care claim against VandenBush for not providing medical care for the plaintiff's arm and/or not referring him to another medical provider to treat his arm. He also may proceed on medical care claims against Van Lanen, Boyea, Stevens and Schultz for having him placed into a restraint bed for hours instead of treating his arm. The plaintiff may proceed against Boyea, Stevens and Schultz for ordering Howath to remove the metal from the plaintiff's arm or require that he remain in the restraint bed. He also may proceed against Howath for the way in which he removed the metal from the plaintiff's arm. See Brown v. LaVoie, 90 F.4th 1206, 1212-13 (7th Cir. 2024) (reasonable factfinder could conclude that

6

doctor did not exercise medical judgment when he tried to remove a screw from an incarcerated individual's arm without anesthesia); see also Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996); Walker v. Benjamin, 293 F.3d 1030, 1039-40 (7th Cir. 2002).

In addition to the medical care allegations, the plaintiff alleges that Van Lanen, Race and Does 5-10 used unnecessary force when they handcuffed him behind his back to escort him to the medical unit, forcing his arm to straighten and causing severe pain. The Eighth Amendment protects incarcerated individuals from physical force that amounts to the "unnecessary and wanton infliction of pain." Whitaker v. Dempsey, 144 F.4th 908, 922 (7th Cir. 2025) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Force is unnecessary and wanton if a prison official intends "maliciously and sadistically" to harm an incarcerated individual. Id. (quoting Forrest v. Prine, 620 F.3d 739, 744 (7th Cir. 2010)). On the other hand, force used "in a good-faith effort to maintain or restore discipline" does not amount to a constitutional violation. Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). The plaintiff may proceed on an excessive force claim against Race, Van Lanen and Does 5-10 based on these allegations. The plaintiff will need to use discovery to identify the Doe defendants who allegedly participated in his handcuffing and escort allegations.

The plaintiff has not stated a claim against ACP Does 1-2 or the other Does he names as defendants, Does 2-4. He does not allege that the ACP Doe defendants participated in the medical evaluation with VandenBush or that the other Doe defendants were personally involved in the events described in the complaint. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) (to recover damages under §1983, plaintiff must establish that a defendant was

7

personally responsible for the deprivation of his constitutional rights). The court will dismiss ACP Does and Does 2-5.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DISMISSES** defendants ACP Does 1-2 and Does 2-5.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Sarah A. Boyea, Captain Jay Van Lanen, Warden Christopher Stevens, Captain Michael Schultz, Lt. Howath, Carmen VandenBush and Sgt. Kendra Race. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the plaintiff must pay the $345 balance of the filing fee to the court.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are not incarcerated or who are incarcerated at all other prison facilities

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 29th day of December, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**